UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE MEDICAL SUPPLIES, LLC, a California limited liability company,<br><br>                                   Plaintiff,<br><br>v.<br><br>ADVANCED TEAR DIAGNOSTICS, LLC, a Delaware limited liability company; MARCUS W. SMITH, an individual; and DOES 1-5,<br><br>                                   Defendants. | Case No.:  3:21-cv-01881-JAH-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT, (ECF No. 12);**<br><br>**(2) REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO;**<br><br>**(2) DENYING AS MOOT MOTION TO DISMISS, (ECF No. 4);**<br><br>**(3) DENYING AS MOOT MOTION TO CHANGE VENUE, (ECF No. 5).** |

///

///

///

///

///

On December 6, 2021, Plaintiff Innovative Medical Supplies, LLC ("Plaintiff") filed a Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) and Remand Pursuant to 28 U.S.C. § 1447. ("Mot.", ECF No. 12.)[1] Defendants Advanced Tear Diagnostics, LLC ("ATD") and Marcus W. Smith ("Smith"), (collectively, "Defendants"), have not filed an opposition to the motion. Plaintiff has filed a reply in support of the motion, ("Reply", ECF No. 14.) Having considered the Parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion for Leave to Amend the Complaint, **REMANDS** the case to the Superior Court of California for the County of San Diego, **DENIES AS MOOT** Defendant Advanced Tear Diagnostics' Motion to Change Venue, and **DENIES AS MOOT** Defendant Marcus W. Smith's Motion to Dismiss.

# I.

# BACKGROUND

On July 27, 2021, Plaintiff filed a Complaint in the Superior Court of San Diego against the removing Defendants, asserting causes of action for Fraud, pursuant to California Civil Code § 3294(c); Conspiracy to Defraud, pursuant to California Civil Code § 3294(c); Money Had and Received; Conversion; Accounting; and Unjust Enrichment/Constructive Trust. (*See generally* Ex. A, "Notice of Removal", ECF No. 1-2.) Plaintiff alleges Defendants "scheme[d] to defraud Plaintiff . . . in connection with a joint venture to commercialize [Defendant Advanced Tear Diagnostics'] medical device product[.]" (*Id.* at 6,[2] ¶ 2.) Plaintiff further alleges that Smith "stole [Plaintiff's] money and apparently used it for personal expenditures and other projects unrelated to the parties' joint venture[,]" resulting in $280,000 out-of-pocket losses and over $5 million loss in net profits. (*Id.* at ¶¶ 3-4.)

---

[1] On the Court's Electronic Filing System, the Motion is labeled as a Response to Defendant's Notice of Removal.

[2] Page numbers referenced herein refer to the page numbers generated by the CM/ECF system.

This action was subsequently removed to this Court on November 5, 2021, on the basis of diversity jurisdiction. (*See* Notice of Removal.) Thereafter, Defendant ATD filed a Motion to Change Venue, and Defendant Smith filed a Motion to Dismiss. On December 5, 2021, Defendants filed a Notice of Plaintiff's Non-Opposition to Defendants' respective motions. (ECF Nos. 6, 7.) Plaintiff filed a Response to Defendants' "Purported 'Non-Opposition'" accusing Defendants of engaging in gamesmanship because the Parties were in ongoing meet and confer discussions at the time Defendants filed the notice. (*See generally* ECF Nos. 8, 9.)[3] Plaintiff then filed a Motion for Leave to Amend the Complaint, Pursuant to Fed. R. Civ. P. 15(a) and Remand Pursuant to 28 U.S.C. § 1447. Plaintiff's proposed First Amended Complaint, attached to the motion as an exhibit, "seeks to substitute San Diego-based Axim Biotechnologies, Inc. ("Axim") as a named Defendant in place of a prior Doe Defendant." (Mot. at 8.) Plaintiff posits that such an amendment would divest this Court of jurisdiction pursuant to 28 U.S.C. § 1441(b).[4]

Axim is a Nevada corporation, with its "sole place of business . . . [in] California." (ECF No. 12-1 at 66, ¶ 16.) Plaintiff's proposed amended complaint alleges that the named

---

[3] As an ancillary matter, Plaintiff's assertion that Defendants engaged in gamesmanship is rejected as it pertains to filing the Notice of Non-Opposition. It is the normal course of litigation for parties to engage in discussions that the Court is not privy to; it is inappropriate for any party to operate as if those discussions dictate the normal stages of litigation. The Federal Rules of Civil Procedure, the Civil Local Rules, and case law dictate the course of litigation—not what parties agree to without the knowledge or consent of the Court. While Defendants' conduct raises some ethical concerns, the onus does not fall squarely on Defendants, as Plaintiff could have taken some mitigative actions (*e.g.*, requesting a short stay, requesting an extension of time to respond to Defendants' motions) while seeking an informal resolution to the matter. That Defendants instead chose to use Plaintiff's error to their advantage does not mitigate Plaintiff's own responsibility. The Court encourages both parties to familiarize themselves with the Federal Rules of Civil Procedure and the Civil Local Rules, as both are mandatory.

[4] Defendant Smith is a resident of Alabama, and Defendant Advanced Tear Diagnostics is a Delaware limited liability company, with headquarters and principal place of business in Alabama. (ECF No. 12-1 at 66, ¶¶ 14-15.)

Defendants and Axim conspired to defraud Plaintiff, and "avoid[ed] repaying monies and equity interests owed by [Advanced Tear Diagnostics] to [Plaintiff], and fraudulently transfer[ed Advanced Tear Diagnostics'] only asset to Axim for virtually no consideration, all while profiting Defendants Smith and Axim." (*Id.* at ¶ 11.)

## II.

## DISCUSSION

Leave to amend a complaint is governed by Fed. R. Civ. P. 15(a), and joinder of a party is governed by 28 U.S.C. § 1447(e). Section 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Whether to permit joinder is within the discretion of the Court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

In the Ninth Circuit, court's consider various factors when considering whether to grant a request for joinder, such as,

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; and (5) whether the claims against the new defendant appear valid.

*Sullivan v. OM Fin. Life Ins. Co.*, No. 10CV839 DMS (WVG), 2010 WL 5137159, at *2 (S.D. Cal. 2010).

Plaintiff asserts that each of these factors confirms that leave to amend should be granted. Defendants have not filed an opposition in response to Plaintiff's motion for leave to amend. Civil Local Rule 7.1.f.3.(c) provides that a failure to oppose or otherwise respond to a motion "may constitute a consent to the granting of a motion or other request for ruling by the Court." Civ.L.R.7.1.f.3.(c). "Local rules have the force of the law, . . . and courts have discretion to dismiss cases for failure to comply with the local rules."

*Larson-Valentine v. Travelers Commercial Insurance. Co.*, No.: 19CV1209-GPC(AGS), 2019 WL 3766562, at * 1 (S.D. Cal. August 9, 2019) (citing *U.S. v. Hvass*, 355 U.S. 570, 574-75 (1958); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

> "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."

*Ghazali*, 46 F.3d at 54. [5] The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that the first factor always weighs in favor of dismissal*); Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating that the fourth factor always weighs against dismissal).[6]

Upon consideration of the *Ghazali* factors, the Court finds granting Plaintiff's motion to amend the complaint and remand the action is appropriate. As to factors three, four, and five, the Court finds that Defendants would not be prejudiced if this motion was granted, as they are able to continue to litigate this action on the merits in a different venue. Additionally, unlike the pro se plaintiff in *Ghazali*, Defendants are represented by counsel and received notice of the motion and opportunity to oppose the motion but failed to do so.

///

///

---

[5] The Ninth Circuit has stated that explicit findings with respect to these factors are not required. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Nonetheless, the Court will briefly discuss the factors set forth in *Ghazali*.

[6] Although the Court in *Ghazali* "considered the propriety of dismissal in light of the pro se plaintiff's failure to respond to defendants' motion to dismiss[,] . . . [c]ourts have considered [the *Ghazali*] factors in the context of an unopposed motion to remand." *Masi v. J&J Maint., Inc.*, No. 19-CV-00121-KJM (EFB), 2019 WL 5079550, at *2 n.2 (E.D. Cal. Oct. 10, 2019).

## IV.
## CONCLUSION

Accordingly, for the reasons discussed, IT IS HEREBY ORDERED the Court:

1. **GRANTS** Plaintiff's Motion to Amend the Complaint;
2. **REMANDS** this action to the Superior Court for the State of California in the County of San Diego;
3. **DENIES AS MOOT** Defendant Marcus W. Smith's Motion to Dismiss; and
4. **DENIES AS MOOT** Defendant Advanced Tear Diagnostics Motion to Change Venue.

**IT IS SO ORDERED.**

DATED: April 18, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE